JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-107-JGB (DTBx)** | Date | August 18, 2016 |
|---|---|---|---|
| Title | ***Jacqueline Dean v. Colgate-Palmolive Co.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order GRANTING Defendant Colgate-Palmolive Co.'s Motion to Stay Case (Doc. No. 62) (IN CHAMBERS)**

Before the Court is Defendant Colgate-Palmolive Co.'s Motion to Stay Case ("Motion," Doc. No. 62). The Court finds this Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

On January 16, 2015, Plaintiff Jacqueline Dean filed a putative class action Complaint against Defendant, a manufacturer, marketer, and distributor of "Colgate Optic White" toothpaste. (Doc. No. 1.) The Complaint asserts seven claims: (1) breach of express warranty; (2) breach of implied warranty of fitness for a particular purpose; (3) violation of the California Consumer Legal Remedies Act; (4) violation of the California False Advertising Law; and (5) three claims for violation of the California Unfair Competition Law. (Id. ¶¶ 40-96.) The Complaint's claims arise from allegations Defendant falsely advertises that Colgate Optic White toothpaste "deeply whitens" teeth and "goes beyond surface stains." (Id. ¶ 8.) Plaintiff purports to represent a class encompassing all persons in the United States who, within the relevant statute of limitations period, purchased Colgate Optic White. (Id. ¶ 29.) On July 1, 2015, Defendant answered the Complaint. (Doc. No. 32.)

On April 29, 2016, Plaintiff filed a Motion to Certify Class. (Doc. No. 49.) In the Motion, Plaintiff requests certification of a class consisting of "[a]ll persons in California, Delaware, the District of Columbia, Kansas, Missouri, New Jersey, Ohio, Utah, Virginia and West Virginia who purchased Optic White on or after October 1, 2013, or who purchased Optic

White Platinum on or after February 1, 2014." (Id. at 1-2.) The Motion is currently pending before the Court and has not yet been opposed by Defendant.

On June 28, 2016, Melissa L. Vigil – the plaintiff in a related putative class action against Defendant pending in the Northern District of California titled Vigil v. Colgate-Palmolive Co., No. CV 16-02697-EDL (N.D. Cal.) – filed a Motion for Transfer and Consolidation of Actions with the U.S. Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407. (Doc. No. 58.) In the Motion, Vigil requests consolidation of this action, the Vigil matter, and a related putative class action against Defendant pending in the Southern District of New York titled Canale v. Colgate-Palmolive Co., No. CV 16-03308-CS (S.D.N.Y.). (Id.) Plaintiff requests that all three matters be transferred to and consolidated for pretrial proceedings in the Southern District of New York – the location of Defendant's headquarters – because they all involve overlapping classes and are all based on allegations Defendant falsely advertises that Colgate Optic White toothpaste "deeply whitens" teeth. (Id.)

On July 18, 2016, Defendant filed the instant Motion to Stay Case, seeking to stay this action pending a determination by the JPML as to whether this action should be transferred and consolidated for pretrial proceedings in the Southern District of New York. (Doc. No. 62.) In support, Defendant filed a declaration by Robyn E. Bladow and a supporting exhibit. (Doc. No. 62-2, 62-3.) On July 25, 2016, Plaintiff filed an Opposition, a declaration by Annick M. Persinger, and five exhibits. (Doc. No. 64, 64-1.) On August 1, 2016, Defendant filed a Reply. (Doc. No. 65.)

## II. LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936); see also, Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (1972). The Court, therefore, may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Gorcers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action before the Court. Id. at 863-864. A stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. Id. When considering whether to grant a stay, a court properly assesses the competing interests involved, including any harm that might result from staying a case, any hardship that a party might suffer if the stay is denied, and whether a stay would serve to simplify "the issues, proof, and questions of law." See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

## III. DISCUSSION

### A. The JPML Proceedings

Under 28 U.S.C. § 1407, civil actions involving one or more common questions of fact that are pending in different districts may be transferred to any district for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). A conditional transfer order before the JPML does not affect or suspend pretrial proceedings of any pending federal district court action or limit the pretrial jurisdiction of that court. J.P.M.L. R. 2.1(d). However, if a case is transferred for consolidated pretrial proceedings, orders of the transferee court may duplicate or conflict with orders of a transferor court that continued pretrial proceedings without a stay. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Vigil's Motion for Transfer and Consolidation of Actions is currently pending before the JPML. Defendant contends and Plaintiff does not dispute that the Motion will likely be set for hearing on September 29, 2016. (Mot. at 1-2.)

### B. Defendant's Contentions

Defendant argues the Court should stay this action pending a decision by the JPML regarding Vigil's Motion, for three reasons. First, Defendant argues judicial economy favors granting a stay. Defendant notes that if the claims in this action, Canale, and Vigil are consolidated by the JPML, a consolidated amended complaint may be filed and it is unclear "which claims will ultimately be asserted, on behalf of which putative class, and by which set of lawyers in the driver's seat." (Mot. at 5-6.) Defendant argues a "brief stay will allow the JPML proceeding to run its course and clarify the ultimate contours of the class Plaintiff (or plaintiffs) seek to certify." (Id. at 6.) Absent a stay, Defendant contends, the Court and the parties will expend time and resources on Plaintiff's pending Motion to Certify Class even though the parameters of the putative class may change if this action is transferred and consolidated with Canale and Vigil. (Id.) Moreover, Defendant notes that "any rulings entered in this case while MDL proceedings remain pending may be modified or vacated if" this action is transferred to a different court. (Id.)

Second, Defendant argues a stay will not unduly prejudice Plaintiff. Defendant notes that Vigil's Motion will be heard in a matter of months and staying this action until the JPML resolves the Motion will result in little prejudice to Plaintiff. (Id. at 7-8.) Moreover, Defendant argues that "even if the JPML denies the MDL Motion, a stay would not prejudice Plaintiff because, given the work done to date, the parties will be well-situated to complete the briefing on Plaintiff's motion for class certification and this case can be expeditiously litigated thereafter." (Id. at 7.)

Third, Defendant contends it may be unduly prejudiced if a stay is not granted. Defendant notes that if a stay is not granted and the JPML ultimately transfers this action, it will have to oppose Plaintiff's pending Motion to Certify Class even though Plaintiff's claims and the putative class will likely change upon transfer. (Id. at 7-8.)

## C. Plaintiff's Contentions

Plaintiff opposes the Motion on four grounds. First, Plaintiff argues without explanation that a stay of this action would "[r]equir[e] Plaintiff to 'change' or redo her motion for class certification," and "would mean that the extensive time, money and resources that Plaintiff has already expended to file her motion for class certification would be wasted." (Opp. at 6.) Second, Plaintiff claims her "motion for class certification will not change if an MDL transfer is granted" and that there is no reason the Court cannot address it now. (Id.) Third, Plaintiff notes her Motion to Certify Class presents "issues that do not overlap among the [related] actions," such as adequacy of representation, typicality, and issues related to her claims arising under California law. (Id. at 7-8.) Plaintiff argues these issues "will have to be decided separately regardless of whether the [related] actions are consolidated." (Id.) Lastly, Plaintiff argues Defendant will not suffer hardship in the absence of a stay because it will "only delay the time by which [Defendant] is required to respond to Plaintiff's motion for class certification" and that Defendant will have to respond to Plaintiff's Motion whether this action is ultimately transferred or not.[1] (Id. at 10-11.)

## D. Analysis

The Court concludes three factors favor a stay of this action. First, judicial economy favors a stay. As Defendant notes, transfer and consolidation of this action may alter the scope of the putative class and the nature of the claims at issue. If this Court allows this action to proceed and adjudicates Plaintiff's pending Motion to Certify Class before this action is transferred, the transferee court could vacate or modify this Court's ruling as to class certification. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1361 (C.D. Cal. 1997) ("[T]his Court could go forward with issues related to class certification at this time, but the time and energy that this Court would devote to any rulings it might make regarding certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders."). Hence, given the possibility that the JPML may transfer and consolidate this action with Canale and Vigil, judicial economy favors a stay.

Second, Plaintiff would not suffer undue prejudice from a stay. Vigil's Motion for Transfer and Consolidation of Actions will be heard in September 2016 and will presumably be

---

[1] Plaintiff also cites Rollins v. Fresenius USA, Inc., No. CV 13-09394-JGB (AGRx), 2014 WL 462822 (C.D. Cal. Feb. 4, 2014) in support of her opposition to Defendant's Motion. (Opp. at 10.) In Rollins, this Court denied a motion to stay an action pending a transfer decision by the JPML. Rollins, 2014 WL 462822 at *3. The Court finds Rollins inapposite. In Rollins, the Court concluded a stay was inappropriate because it found related cases did not involve jurisdictional questions involving the timeliness of removal and fraudulent joinder. See id. Hence, the Court concluded "a stay is inappropriate here where this case does not involve duplication of work, and there is no possibility of inconsistent rulings on issues not raised before the [multidistrict litigation proceeding]." Id. After denying the stay request, the Court went on to grant a motion to remand the action to state court after finding removal was untimely. Id. at *6. Here, by contrast, there are no jurisdictional questions unique to this action and consolidation may require Defendant to duplicate its opposition to class certification if the scope of the putative class is altered.

resolved in the foreseeable future. If it is denied, the Court will address Plaintiff's Motion to Certify Class and Plaintiff will not be unduly prejudiced by a short stay in the interim. Alternatively, if Vigil's Motion is granted, Plaintiff's Motion to Certify Class will simply be adjudicated by the transferee court instead of this Court. In either scenario, Plaintiff will not suffer significant prejudice as a result of a stay.

Lastly, Defendant may suffer hardship in the absence of a stay. As Defendant argues, transfer and consolidation of this action with Vigil and Canale could change the nature of Plaintiff's claims and the scope of the putative class. If this action is not stayed and is ultimately transferred, Defendant will be forced to litigate Plaintiff's Motion to Certify Class in this Court and potentially re-litigate certification issues in the transferee court. Hence, the potential for hardship to Defendant weighs in favor of a stay.

Accordingly, the Court finds a stay of this action pending a decision by the JPML is warranted. See CMAX, Inc., 300 F.2d at 268.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Stay Case and STAYS this action pending a ruling by the JPML on Melissa L. Vigil's Motion for Transfer and Consolidation of Actions. In the event Vigil's Motion is denied by the JPML, the parties shall jointly file a status report within ten days of such denial.

**IT IS SO ORDERED.**