Jeffrey S. Sinek (State Bar No. 135508)
jeff.sinek@kirkland.com
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
333 S. Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Fax: (213) 680-8500

*Attorneys for Colgate-Palmolive Company*
*(additional counsel listed below signature)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JACQUELINE DEAN, Individually, and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

COLGATE-PALMOLIVE CO.,

Defendant.

CASE NO. 5:15-CV-00107-JGB-DTB

Hon. Jesus G. Bernal

**EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF COLGATE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Hearing Date: May 15, 2017
Time: 9:00 a.m.
Courtroom: 1

Defendant Colgate-Palmolive Company ("Colgate") respectfully requests leave to file the lodged Supplemental Declaration of Jill Holder, which clarifies the record regarding Colgate's refund policy for Optic White. Supplemental declarations or exhibits in support of an opposition to a motion may be filed with leave of court if there is a showing of "good cause" and "no prejudice" to the opposing party. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 153 F. Supp. 3d 1148, 1150 n.1 (C.D. Cal. 2015) ("For good cause shown and because there is no prejudice to the Foundation, the Court GRANTS Plaintiff's Ex Parte Application [for Leave to File Supplemental Declaration]."). Such relief may be sought on an *ex parte* basis because there is insufficient time between now and the May 15, 2017 hearing date on Plaintiff's Motion for Class Certification to brief this issue on a fully-noticed motion, and Colgate is threatened with immediate injury if it is unable to correct and clarify the record. *See Horne v. Wells Fargo Banks, N.A.*, 969 F. Supp. 2d. 1203, 1205 (C.D. Cal. 2013).

On February 7, 2017, Colgate submitted a Declaration of Jill Holder in support of its opposition to Plaintiff's Motion for Class Certification. Dkt. 73-36 ("Holder Declaration"). The Holder Declaration explained Colgate's refund policy for Optic White products and certain contents of the Colgate's website, including a web address where customers have been able to view instructions for how to contact Colgate regarding any product complaints. *Id.* ¶ 2.

On May 2, 2017, L. Timothy Fisher, attorney of record for Plaintiff Jacqueline Dean, submitted a reply declaration in support of Plaintiff's Motion for Class Certification. Dkt. 85-1. The Fisher Declaration attached as Exhibit B what Fisher purported to be a "true and correct copy of Colgate's refund policy." *Id.* ¶3. However, Exhibit B is not, in fact, a true and correct copy of Colgate's refund policy, and, instead, the information submitted with the Holder Declaration correctly states Colgate's policy for the Optic White products at issue.

Due to an error, sometime after Colgate submitted the original Holder Declaration on February 7, 2017, the web address colgateopticwhite.com/guarantee mistakenly and temporarily redirected visitors to an incorrect refund form for Colgate Optic White Radiant, a product that is not at issue in this litigation. *See* Supplemental Holder Decl. ¶ 5. Fisher Exhibit B is a copy of this Optic White Radiant refund form. The Supplemental Holder Declaration explains this error and attaches exhibits showing Colgate's website at the time of the prior declaration and currently.

There is good cause for leave to file the Supplemental Holder Declaration. The Supplemental Declaration is necessary to clarify the record as to the contents of Colgate's website and refund policy and to provide the court with supplemental exhibits that accurately reflect the contents of Colgate's website both at the time of the original Holder Declaration and currently.

Moreover, filing a Supplemental Declaration would cause no prejudice to Plaintiff. Because the title of Exhibit B ("Colgate Optic White Radiant Toothpaste Satisfaction Guarantee") makes clear that Exhibit B is not the refund policy for the Optic White products applicable to this litigation, and in light of the evidence contained in the Holder Declaration (including a copy of Colgate's actual refund policy that has been and continues to be in effect), Plaintiff's counsel could not have reasonably believed that Exhibit B accurately represents Colgate's refund policy as to the Optic White products at issue. Plaintiff will suffer no prejudice if an explanation of this error and a correct and current depiction of Colgate's website is entered into the record.

DATED: May 5, 2017 KIRKLAND & ELLIS LLP

/s/ *Robyn E. Bladow*

Jeffrey S. Sinek
Robyn E. Bladow
333 S. Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Fax: (213) 680-8500
jeff.sinek@kirkland.com
robyn.bladow@kirkland.com

Nathaniel J. Kritzer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4833
Fax: (212) 449-4900
nathaniel.kritzer@kirkland.com

Christa Laser (State Bar No. 280991)
christa.laser@kirkland.com
KIRKLAND & ELLIS LLP
655 15th St. NW
Washington, D.C., 20005
Telephone: (202) 879-5000

*Attorneys for Colgate-Palmolive Company*