Jeffrey S. Sinek (State Bar No. 135508)
jeff.sinek@kirkland.com
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Fax: (213) 680-8500

Nathaniel J. Kritzer (admitted pro hac vice)
nathaniel.kritzer@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4833
Fax: (212) 449-4900

*Attorneys for Colgate-Palmolive Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE DEAN and MELANIE BARBER, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COLGATE-PALMOLIVE CO.,<br><br>　　　　Defendant. | CASE NO. 5:15-CV-00107-JGB-RAO<br><br>Hon. Jesus G. Bernal<br><br>**DEFENDANT COLGATE-PALMOLIVE COMPANY'S SUPPLEMENTAL BRIEFING IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Defendant Colgate-Palmolive Company ("Colgate") submits this supplemental brief pursuant to this Court's request at the January 29, 2018 hearing on Plaintiffs' Motion for Class Certification (the "Motion") for briefing regarding whether the Court has authority to amend the class definition proposed by Plaintiffs.

While the Court has discretion to modify a proposed class definition to clarify the scope of the class or correct technical errors, *see, e.g., Roy v. Cty. of Los Angeles,* No. CV-12-09012 BRO, 2016 WL 5219468, at *14 (C.D. Cal. Sept. 9, 2016), Ninth Circuit authority suggests that courts should not use that power to *sua sponte* certify a single-state class where, as here, Plaintiffs have proposed only a multi-state class in their motion.[1]  For example, in *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001), the Ninth Circuit held that the district court did not abuse its discretion by refusing to certify geographically narrowed subclasses where the plaintiffs had not affirmatively demonstrated that those subclasses would comply with Rule 23. Similarly, in *Karim v. Hewlett-Packard Co.*, No. C 12-5240 PJH, 2014 WL 555934, at *8 (N.D. Cal. Feb. 10, 2014), the court declined to *sua sponte* certify a "class consisting of only California residents" because neither party addressed that alternative in the class certification motion.  Instead, where Rule 23 is not satisfied for a multi-state class and a plaintiff seeks to remedy that defect by narrowing the class definition to a single state, the appropriate and well-worn path is a renewed motion, should the Court choose to allow one.[2] *See, e.g., Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-CV-01142 SVW, 2017 WL 960462, at *3 (C.D. Cal. Mar. 10, 2017); *Karim v. Hewlett-Packard Co.*, 311 F.R.D. 568, 572 (N.D. Cal. 2015); *Ortiz v. McNeil-PPC, Inc.*, No. 07-CV-678 MMA, 2009 WL 1322962, at *1 (S.D. Cal. May 8, 2009).

---

[1] Defendants have searched for, but have been unable to find, any controlling precedent directly holding that a district court may *sua sponte* modify the class definition proposed in a plaintiff's motion for class certification to narrow a multi-state class to a single-state class.

[2] Colgate reserves all rights with respect to any such motion.

      Certifying a California class *sua sponte* would also be unduly prejudicial to Colgate, who has not had the opportunity to take discovery, obtain expert analysis, or fully brief a motion regarding any such class. Unlike many cases, where plaintiffs move to certify a single-state class in the alternative, Plaintiffs' Motion proposed only a ten-state class. *Compare* Dkt. 101-1 at 1 *with Hughes v. Wells Fargo Bank, N.A.*, No. 2:10-CV-00239 JHN, 2011 WL 1370649, at *2 (C.D. Cal. Mar. 17, 2011) (plaintiff proposed alternative California-only class); *Kachi v. Natrol, Inc.*, No. 13-CV-0412 JM, 2014 WL 2925057, at *3 (S.D. Cal. June 19, 2014) (same); *Wolf v. Hewlett Packard Co.*, CV 15-01221 BRO, 2016 WL 7743692, at **2, 15 (C.D. Cal. Sep. 1, 2016) (same). Plaintiffs' Motion did not put Colgate on notice that they would be seeking a class composed solely of California residents, nor have Plaintiffs offered any argument or evidence regarding each of the elements of Rule 23 as they relate to a California class. Colgate should be afforded a full and fair opportunity to develop the record to oppose such a motion before the Court considers certifying a California class.

      Finally, Colgate objects to certification of a California class because the Motion does not satisfy Rule 23's requirements for **any** class. *See Mazur v. eBay Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) ("[T]he court has the power to modify proposed class definitions to make them sufficiently definite, [but] such a revision [is not] appropriate because . . . the class certification motion . . . fails."); *Gonzales v. Comcast Corp.*, No. 10-CV-01010 LJO, 2012 WL 10621, at *20 (E.D. Cal. Jan. 3, 2012) (same). As explained in Colgate's papers and at oral argument opposing the Motion, Plaintiffs' Motion fails for numerous reasons independent of the geographic scope of the class. Colgate incorporates those arguments by reference and will not burden the Court by repeating them here.

      For the foregoing reasons, Colgate respectfully submits that the Court should not *sua sponte* amend the class definition to state a California class, and that Plaintiffs' Motion should instead be denied.

| | | |
|---|---|---|
| 1 | DATED: February 2, 2018 | KIRKLAND & ELLIS LLP |
| 2 | | /s/     *Robyn E. Bladow* |
| 3 | | Jeffrey S. Sinek |
| | | Robyn E. Bladow |
| 4 | | 333 South Hope Street |
| | | Los Angeles, CA 90071 |
| 5 | | Telephone: (213) 680-8400 |
| 6 | | Fax: (213) 680-8500 |
| | | jeff.sinek@kirkland.com |
| 7 | | robyn.bladow@kirkland.com |
| 8 | | Nathaniel J. Kritzer (*pro hac vice*) |
| | | KIRKLAND & ELLIS LLP |
| 9 | | 601 Lexington Avenue |
| | | New York, NY 10022 |
| 10 | | Telephone: (212) 446-4833 |
| 11 | | Fax: (212) 449-4900 |
| | | nathaniel.kritzer@kirkland.com |
| 12 | | |
| 13 | | *Attorneys for Colgate-Palmolive Company* |

3